

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charley Lockhart
State Treasurer
Austin, Texas

Dear Sir:

Attention: Mr. Wm. A. Harrison

Opinion No. 0-2161
Re: Procedure for receiving payment
by persons holding Confederate
Pension Warrants voided by limita-
tion; also the authority of the
State Comptroller to issue dupli-
cate warrants where such voided
warrants have been lost.

We are in receipt of your letter of April 1, 1940,
in which you request an opinion of this department upon the
following questions:

"(1) Is it possible for owners or holders of
Confederate Pension Warrants voided by limitation
to receive payment for their claims?

"(2) If the answer to No. 1 is in the affirma-
tive, what is the proper procedure to be employed
in paying such claims?"

In our Opinion No. 0-1988 we held that Article 4371,
Vernon's Annotated Civil Statutes, applies to Confederate
Pension Warrants as well as other warrants. Said Article
reads as follows:

"Art. 4371. The Treasurer shall countersign
and pay all warrants drawn by the Comptroller on
the Treasury which are authorized by law. No money
shall be paid out of the Treasury except on the war-
rants of the Comptroller, and no warrant shall be
paid by the Treasurer unless presented for payment
within two years from the close of the fiscal year

MUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

in which such warrant was issued, but claims for the
payment of such warrants may be presented to the
Legislature for appropriations to be made from
which such claims may be paid. (As amended Acts
1931, 42nd Leg., p. 396, ch. 242, sec. 1.)"

In our Opinion No. 0-1309, this department ruled
that Article 4371 was a limitation statute. The problem before
us here, therefore, is whether or not the Legislature has the
authority to order the payment of these Confederate Pension
Warrants barred by limitation.

The rule applicable to this situation is stated
in 59 Corpus Juris 296 as follows:

"A claim against a state may be barred by lapse
of time, as by the failure to file the claim within
the prescribed period; but the legislature may
authorize the payment of a claim notwithstanding
the lapse of time, except where the limitation
is created by the constitution. ..."

The same question being considered here confronted
the Supreme Court of Nebraska in the case of Lancaster County
v. State, 104 N.W. 187. In that case the contention was made
that a claim against the State had not been presented within
the proper period of time and that limitations had run against
the same so as to bar it. The Court held that the Legislature
had the authority to waive limitations and stated as follows:

"... The state might waive that defense and
authorize this suit, and we think by its action
in this case it has done so. When this claim was
presented to the Legislature, and leave to sue was
asked for, more than two years had already run,
which would have furnished a sufficient excuse
to the Legislature to refuse leave to sue. It
nevertheless, by the action of the Senate, granted
such leave, and this was a waiver of the bar of
the statute, if such bar existed. ..."

In line with what has been previously said herein,
you are advised that the Confederate Pension Warrants even
though they were not presented within the two year period
as provided in Article 4371, supra, may be paid by a legis-
lative act ordering such payment. Our conclusion in this

Hon. Charley Lockhart, Page 3

respect is in line with the legislative intention as expressed in Article 4371, supra, that the Legislature order the payment of these warrants even though they are barred because not presented within the two year period as required in said Article.

Your third question reads as follows:

"(3) If the payee of a Confederate Pension Warrant which has been voided by limitation requests a duplicate warrant to be issued, is it mandatory on the State Comptroller and State Treasurer to issue such duplicate, provided the necessary requirements for issuing duplicate warrants are met?"

In answer to your third question concerning whether or not it is mandatory on the State Comptroller to issue duplicate warrants on such warrants which have been barred because they were not presented within the two year period, your attention is called to Article 4365, Vernon's Annotated Civil Statutes, which reads as follows:

"Art. 4365. The Comptroller, when satisfied that any original warrant drawn upon the State Treasurer has been lost or destroyed, or when any certificate or other evidence of indebtedness approved by the auditing board of the State has been lost, is authorized to issue a duplicate warrant in lieu of the original warrant or a duplicate or a copy of such certificate, or other evidence of indebtedness in lieu of such original; but no such duplicate warrant, or other evidence of indebtedness, shall issue until the applicant has filed with the Comptroller his affidavit, stating that he is the true owner of such instrument, and that the same is in fact lost or destroyed, and shall also file with the Comptroller his bond in double the amount of the claim with two or more good and sufficient sureties, payable to the Governor, to be approved by the Comptroller, and conditioned that the applicant will hold the State harmless and return to the Comptroller, upon demand being made therefor, such duplicates or copies, or the amount of money named therein, together with all costs that may accrue against the State on collecting same. After the issuance of said duplicate or copy if the

Hon. Charley Lockhart, Page 4

       Comptroller should ascertain that the same was improperly issued, or that the applicant or party to whom the same was issued was not the owner thereof, he shall at once demand the return of said duplicate or copy if unpaid, or the amount paid out by the State, if so paid; and, upon failure of the party to return same or the amount of money called for, suit shall be instituted upon said bond in Travis County."

       It is our opinion that it is mandatory on the State Comptroller and State Treasurer to issue a duplicate warrant if the conditions provided in Article 4365 have been complied with. We base our answer here on our previous conclusion that such a warrant, even though barred because of not having been presented within the two year period, may be presented to the Legislature who would have the authority to order the same paid.

       We trust that the foregoing discussion will be sufficient to advise you as to the proper procedure that should be taken in such a case as you present.

                  Yours very truly

                  ATTORNEY GENERAL OF TEXAS

                  By                         
                                Billy Goldberg
                                Assistant

BG:PBP

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN

APPROVED MAY 20, 1940

ATTORNEY GENERAL OF TEXAS